UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHELDON W. HILL,                          :

    Petitioner                            :        CIVIL ACTION NO. 3:21-1857

    v                                     :                  (JUDGE MANNION)

WARDEN E. BRADLEY,                        :

    Respondent                            :

## MEMORANDUM

Sheldon W. Hill, an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He asks the Court to apply earned time credits to his sentence pursuant to the First Sep Act ("FSA"), even though his is not a minimum or low recidivism risk level. Id. For relief, Petitioner seeks the Court to order the BOP to award him 915 hours of earned time credits (ETCs) for the programs he has completed. Id. A response to the petition was filed, indicating that Hill is assessed to have a high risk of recidivism and is, therefore, not currently eligible to receive ETCs. (Doc. 10). Although provided an opportunity, Petitioner has not filed a reply brief.

For the reasons set forth below, the Court will deny the instant petition for writ of habeas corpus.

I. **Background**

On January 9, 2015, Hill was sentenced by the United States District Court for the Northern District of Ohio to a 151 month term of imprisonment for Bank Robbery. (Doc. 10-1 at 7). His current projected release date is May 9, 2025, via good conduct time. Id.

Since November 27, 2019, the Bureau of Prisons ("BOP") has conducted seven First Step Act assessments of Hill, each resulting in him having a high risk of recidivism. (Doc. 7-1 at 30, First Step History). In total, Hill has accrued, at most, eighty-three (83) hours of completed programming. Id. However, the BOP concluded that because Hill has a high risk of recidivism, those credits cannot be applied until he has earned a low or minimum recidivism risk. Id.

II. **Discussion**

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted.

See 18 U.S.C. §3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. §3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. §3632(b)).

      The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C. §3632(d)(4)(A). An inmate may earn ten (10) or fifteen (15) days of credit for every thirty (30) days of successful participation. See id. Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their

3

risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation. See id.

Section 3624(g) sets forth the process for how FSA time credits are applied to create an earlier release date for eligible prisoners. Section 3624(g) requires, for placement in prerelease custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has specific approval by the warden. 18 U.S.C. §3624(g)(1)(D)(i). For early transfer to supervised release, §3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." Id. §3624(g)(1)(D)(ii). The clear language of 18 U.S.C. §3624(g) precludes application of time credits until Hill has lowered his recidivism risk level.

Respondent submits the Declaration of Jennifer Knepper, BOP Supervisory Attorney, wherein she explains that inmates who are eligible for FSA time credits can accrue credits,[1] but they cannot be applied until the

---

[1] To the extent that Hill does not agree with his number of FSA Time Credits awarded, he had an opportunity to file a traverse, and did not. Moreover, Petitioner has the BOP's administrative remedy procedure available to him, which he failed to avail himself of prior to filing the instant

4

inmate has earned a low or minimum recidivism risk. (Doc. 10-1, at 1, ¶11; see also 28 C.F.R. §523.44). Although Hill may be eligible to earn time credits those credits cannot be applied until he has "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. §3624(g)(1)(B). Hill's current recidivism risk level is high. (Doc. 10-1 at 30). Hill will not be eligible for application of FSA time credits until, among other requirements, his risk level is reduced to minimum or low. Thus, the Court must deny Hill's habeas petition.

### III. Conclusion

Based on the foregoing, the Court will deny Hill's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 16, 2023**
21-1857-01

---

action. (See Doc. 10-1 at 16-19, Administrative Remedy Generalized Retrieval).